```
                        United States Bankruptcy Court
                        Eastern District of Pennsylvania
```

In re:                                                              Case No. 18-17702-amc
Matthew K. Knoneborg                                                Chapter 13
     Debtor

## CERTIFICATE OF NOTICE

District/off: 0313-2          User: Lisa              Page 1 of 1              Date Rcvd: Mar 24, 2020
                              Form ID: pdf900         Total Noticed: 2

Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on
Mar 26, 2020.
db             +Matthew K. Knoneborg,   3130 Stirling Street,   Philadelphia, PA 19149-3116
cr             +HSBC BANK USA, NATIONAL ASSOCIATION,   14841 Dallas Parkway, Suite 425,   Dallas, TX 75254-8067

Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.
NONE.                                                                                                  TOTAL: 0

           ***** BYPASSED RECIPIENTS *****
NONE.                                                                                                  TOTAL: 0

Addresses marked '+' were corrected by inserting the ZIP or replacing an incorrect ZIP.
USPS regulations require that automation-compatible mail display the correct ZIP.

Transmission times for electronic delivery are Eastern Time zone.


**I, Joseph Speetjens, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.**

**Meeting of Creditor Notices only (Official Form 309): Pursuant to Fed. R. Bank. P. 2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed. This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.**

Date: Mar 26, 2020                                      Signature:  /s/Joseph Speetjens

---

## CM/ECF NOTICE OF ELECTRONIC FILING

The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email)
system on March 24, 2020 at the address(es) listed below:
              REBECCA ANN SOLARZ    on behalf of Creditor    HSBC BANK USA, NATIONAL ASSOCIATION, AS TRUSTEE FOR
               GSAA HOME EQUITY TRUST 2005-7 bkgroup@kmllawgroup.com
              REBECCA ANN SOLARZ    on behalf of Creditor    HSBC Bank USA, National Association, as trustee for
               GSAA Home Equity Trust 2005-7 bkgroup@kmllawgroup.com
              United States Trustee     USTPRegion03.PH.ECF@usdoj.gov
              WILLIAM C. MILLER, Esq.    on behalf of Trustee WILLIAM C. MILLER, Esq. ecfemails@ph13trustee.com,
               philaecf@gmail.com
              WILLIAM C. MILLER, Esq.    ecfemails@ph13trustee.com,   philaecf@gmail.com
              ZACHARY  PERLICK    on behalf of Debtor Matthew K. Knoneborg Perlick@verizon.net,
               pireland1@verizon.net
                                                                                              TOTAL: 6

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| Matthew K. Knoneborg <br>                   Debtor | CHAPTER 13 |
| Specialized Loan Servicing LLC as servicer for HSBC Bank USA, National Association, as trustee for GSAA Home Equity Trust 2005-7 <br>                   Movant <br> vs. | NO. 18-17702 AMC |
| Matthew K. Knoneborg <br>                   Debtor <br> Melissa Knoneborg <br>                   Co-Debtor | 11 U.S.C. Sections 362 and 1301 |
| William C. Miller, Esquire <br>                   Trustee | |

## STIPULATION

AND NOW, it is hereby stipulated and agreed by and between the undersigned as follows:

1. The post-petition arrearages referenced in the motion have been cured, and Debtor(s) is/are current on post-petition loan payments through February 2020.

2. Debtor(s) shall maintain post-petition contractual monthly loan payments due to Movant going forward, beginning with the payment due March 1, 2020 in the amount of $942.06.

3. In the events the payments under Section 2 above are not tendered pursuant to the terms of this stipulation, the Movant shall notify Debtor(s) and Debtor's attorney of the default in writing and the Debtors may cure said default within FIFTEEN (15) days of the date of said notice. If Debtor(s) should fail to cure the default within fifteen (15) days, the Movant may file a Certification of Default with the Court and the Court shall enter an Order granting the Movant relief from the automatic stay. In the event of a second default pursuant to the terms of this Stipulation, the Movant may filed a Certification of Default with the Court and the Court shall enter an Order granting Movant relief from the automatic stay.

4. The stay provided by Bankruptcy Rule 4001(a)(3) is waived with respect to any Court Order approving of this stipulation and/or ordering relief per the terms agreed upon herein.

5. If the case is converted to Chapter 7, the Movant shall file a Certification of Default with the court and the court shall enter an order granting the Movant relief from the automatic stay.

6. If the instant bankruptcy is terminated by either dismissal or discharge, this agreement shall be null and void, and is not binding upon the parties.

7. The provisions of this stipulation do not constitute a waiver by the Movant of its right to seek reimbursement of any amounts not included in this stipulation, including fees and costs, due under the terms of the mortgage and applicable law.

Date:   March 11, 2020

By: /s/ Rebecca A. Solarz, Esquire
Attorney for Movant

Date: 3/16/20

Zachary Perlick, Esquire
Attorney for Debtors

Date: 3/23/2020

/s/ Jack Miller, Esquire, for

William C. Miller, Esquire
Chapter 13 Trustee

*No objections to its terms, without prejudice to any of our rights and remedies

Approved by the Court this ____ day of _____, 2020.  However, the court retains discretion regarding entry of any further order.

**Date: March 24, 2020**

Bankruptcy Judge
Ashely M. Chan